FÉLIX MEJÍAS, ETC., Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, FEDERICO TILÉN, JUDGE, Respondent.

No. 2380. Submitted April 29, 1960.—Decided May 26, 1961.

*Juan T. Peñagaricano, Víctor M. Marchán Gómez, Abraham Freyre Montero,* and *Nieves M. Agostini de Torres* for petitioner. *Montilla & Benítez* for interveners, petitioners in the main action.

MR. JUSTICE PÉREZ PIMENTEL delivered de opinion of the Court.

The Heirs of Belaval Ritter own a building devoted to rental at 326 De Diego Avenue, Santurce, Puerto Rico. On October 1, 1942 one of the premises of said building was rented as a residence for a monthly rental of $42.50, as it appears in the registration statement at the Federal Office of Price Administration.

On December 2, 1946 the landlords registered the above-mentioned premises in the former Office of Price Administration of Puerto Rico, as commercial premises rented to Pepita Berríos de Gómez, for a monthly rental of $75.[1]

The landlords informed in the registration statement that on October 1, 1942 the premises were not rented as commercial premises and that the first rent was fixed on August 1, 1946 as commercial premises. On December 13 of that same year, the then Administrator entered in that registration statement an "Order of the Administrator establishing the maximum rent," fixing the same at $75 monthly. Later, the Leasehold Office, after an investigation, confirmed the com-

---

[1] In the premises originally used as a residence, a beauty parlor was established.

mercial use of the premises and found the $75 monthly rent to be reasonable.

On July 11, 1956 the tenant, after vacating the premises, complained to the Administration of Economic Stabilization that the landlords had collected $32.50 monthly in excess of the maximum rent of $42.50 fixed for the premises in question.

After hearing all the interested parties, the Administrator rendered a decision on October 26, 1956, declaring that the change in the use of the premises from residential to commercial did not justify the fixing of a new rental, rendering void the order which so decreed it and, consequently, illegal all the rentals collected in excess of $42.50 monthly. The Administrator then rendered a reimbursement order thereby directing the landlords to pay to their ex-tenant the sum of $1,105.

In a petition for review filed by the landlords, the Superior Court rendered judgment setting aside the order of the Administrator and remanding the case for further proceedings.

We issued a writ of certiorari in order to review said judgment.

The Reasonable Rents Act of 1946 stabilized the rents at the levels prevailing on October 1, 1942. Its § 6 originally provided, at the time the premises were registered as commercial premises, as follows:

"Section 6.—Except as hereinafter provided, on and after the effective date of this Act, rents higher than those paid on October 1, 1942, shall not be charged.

"In so far as it is not changed by the Administrator, according to the powers hereinafter conferred upon him, for the purposes of this Act, 'basic rent' shall be understood to be the rent paid on said date, unless some agreement has been made previous to that date, fixing a higher or lower rent for any period after such date. In this case, the basic rent shall be the rent agreed upon.

"In the case of buildings intended for businesses or commercial or industrial purposes, the Administrator may authorize reasonable increases over the rentals prevailing October 1, 1942,

according to the commercial importance of the towns and districts where such buildings are located, and to the construction cost thereof; *Provided, however,* That such increases shall in no case exceed fifty (50) per cent of the rental prevailing October 1, 1942.

"The Administrator shall have power to fix the reasonable rent in all cases in which, in his judgment, the rent prevailing on October 1, 1942, or that which may have been fixed after said date, is excessive, unreasonable, or oppressive. He shall likewise have power to make adjustments and other rulings in cases covering improvements of capital importance, increase or reduction of furniture, equipment or accessories, increase or reduction in services and supplies, or deterioration of the dwellings or buildings leased.

"If, in the course of the year immediately preceding October 1, 1942, the rent had been increased by more than twenty-five (25) per cent of its amount, the Administrator shall fix, at the request of the tenant, the reasonable rent in a sum in which the increase does not exceed twenty-five (25) per cent of the lowest rent which was paid in the course of said year.

"If the landlord had increased the rent in the period included between October 1, 1942, and the date of the taking effect of this Act, the reasonable rent shall be basic rent prevailing on October 1, 1942; *Provided,* That in that case, from the date of the taking effect of this Act, the tenant shall only be required to pay the basic rent.

"If the dwelling or building had not been rented on October 1, 1942, or was constructed after said date, the Administrator shall fix the reasonable rent on the basis of the rents prevailing in Puerto Rico for similar dwellings and buildings during the year ended October 1, 1942.

"In cases where the Administrator adjusts the rent which was being paid prior to the date of the taking effect of this Act or issues a final order on any rent, fixing in lieu thereof the reasonable rent as herein determined, the tenant shall be required to pay only the basic rent or the reasonable rent fixed for the purpose, but he shall not be entitled to any reimbursement or claim for the payment made in excess of the reasonable rent prior to the date on which the latter may be fixed, except in those cases where by express provision of this Act the rent automatically adjusts to the amount prevailing on October 1, 1942, and except in such cases where the Administrator issues a temporary

order increasing or fixing the maximum rent until the case is finally decided; *Provided,* That the rent so increased or fixed shall be subject to reimbursement to the tenant as to the amount in excess of the maximum rent that may be fixed by the final order.

"In determining the reasonable rent of buildings used for businesses and commercial and industrial purposes, the Administrator shall take into account the commercial value of such buildings on the date such determination is made.

"In case the determination of the reasonable rent of a lot on which is located a dwelling or a building devoted to businesses or commercial or industrial purposes should be in order, and said dwelling or building belonged to a different owner, the reasonable rent of the lot leased shall not exceed twelve (12) per cent of the assessed value thereof, according to the classification of the properties which the Administrator may make for the purpose.

"If because of relationship or other personal or special relations between the landlord and the tenant or due to peculiar circumstances, the rent earned on October 1, 1942, was substantially lower than the rent earned in Puerto Rico for similar dwellings or buildings on that same date, the Administrator shall, at the request of the landlord, fix the reasonable rent in accordance with the standards established in this Act.

"In case the dwelling should have been or is furnished after October 1, 1942, the Administrator may authorize an increase in the amount of the rent, according to the number of furnished rooms and the quality of the furniture; *Provided, however,* That in no case shall the increase exceed twenty (20) per cent of the amount of the rent.

"The owner of any rental property may increase the rent over the basic rent or the reasonable rent fixed by the Administrator, upon the authorization of the latter, only in case fundamental improvements have been made on the property, or the services or furnishings have been substantially increased, or special or additional taxes have been levied which will justify the increase in rent.

"The owner may also charge a rent higher than the basic rent or the reasonable rent, if the tenant has an option for the purchase of a property leased before October 1, 1942, and if it has been stipulated that the payments shall be credited to the purchase price; *Provided,* That in this case, the tenant shall ap-

ply for the proper permit from the Administrator, who may issue the same after verification of the existence of such agreement.

"Notwithstanding what is otherwise provided by any contract, pact, or agreement already made, or to be made in the future, no landlord shall charge or receive for the use, occupancy, or lease of a rental property, a rent higher than the basic rent or the reasonable rent fixed by the Administrator, as the case may be; *Provided,* however, That rents lower than the basic rent or the reasonable rent may be charged, paid, or received.

"No landlord may demand any surcharge, commission, or amount in addition to the basic rent or the reasonable rent fixed by the Administrator; *Provided,* That any amount paid for this reason, shall be refunded to the tenant or deducted from the payments made for rent.

"The Administrator shall fix rules of procedure for the presentation of, and hearings and decisions on, requests for decreases or increases in the rents, filed by tenants or landlords, as the case may be." (Laws of Puerto Rico of April 25, 1946, Sess. Laws, pp. 1334–1340.)

"Basic rent" was that paid on October 1, 1942, or the rent agreed before that date for any period after such date.

The Act conferred power upon the Administrator to alter the basic rent in the following manner:

(a) In the case of buildings intended for businesses, or commercial or industrial purposes, he may authorize reasonable increases over the rentals prevailing October 1, 1942, according to the commercial importance of the towns and districts where such buildings are located, and to the construction cost thereof, provided that such increases shall in no case exceed 50% of the rental prevailing October 1, 1942.

(b) He shall have power to fix the reasonable rent in all cases in which, in his judgment, the rent prevailing on October 1, 1942, or that which may have been fixed after said date, is excessive, unreasonable or oppressive.

(c) He shall likewise have power to make adjustments and other rulings in cases covering improvements of capital importance, increase or reduction of furniture, equipment or accessories, increase or reduction in services and supplies, or deterioration of the dwellings or buildings leased; if the rent earned on October 1, 1942 was due to relationship or other personal

or special relations or peculiar circumstances; when tenant has an option for the purchase of a property leased before October 1, 1942 and if it has been stipulated that the payments shall be credited to the purchase price.

The problem before us only involves the scope of the powers of the Administrator previously described under letter (*a*).

In order to implement said power the Regulations on Rents for Commercial Premises provided in its § 4, insofar as pertinent, the following:

"Section 4.—From and after the effective date of these Regulations and until the Administrator determines otherwise, pursuant to the subsequent provisions of § 5, the maximum rent for commercial premises shall be:

"*a*. Leased on July 17, 1946: The rent prevailing on July 17, 1946, but not exceeding the same in more than 50%:

"(1) the rent prevailing on October 1, 1942 if the premises were leased on that date, or

"(2) the first rent collected after October 1, 1942, if said premises:

"(*a*) were not already leased on October 1, 1942 and were leased after said date, or,

"  . . . . . . ."

The ex-administrator, Rodolfo Aponte, attorney-at-law, testified thus:

"Since the end of the year 1946 until May 31, 1948, I was Price Administrator of P. R., and as such in charge of controlling the rents for commercial premises. During the said period the Federal Rent Control Office was always in charge of the control of dwellings. For that reason my office did not have jurisdiction over dwellings, but it did have jurisdiction over those premises created by virtue of a change in their use from residential to commercial. That as soon as said change in use took place, the first rent accruing after said change of use, could be collected as a lawful rent, of course, after adjusting the same by comparison to similar premises. And for this purpose, the office which I directed, applied § 4 (*a*) 2 and 4 (*b*) of the Rent Regulations for Commercial Premises, since for the purposes of

our Act said premises had not existed before in the commercial rental market. That the same rule was applied to the dwellings transformed into premises rented for professional offices, since Administrative Order No. 3 was issued by my office on June 2, 1947. That the rent accrued from the premises previously used as a dwelling and now subject to adjustment was not taken at all into consideration in making such adjustment by comparison. That the policy previously explained was neither varied nor altered during my tenure as Administrator." (Brief of Heirs of Belaval at pp. 4, 5 and 6.)

Once the premises of the Heirs of Belaval Ritter were rented for commercial purposes, they were no longer subject to the control of the Federal Office of Price Administration (OPA). Neither were they subject to the control of the Insular Agency as a rental unit used as dwelling.([2]) Therefore, when it was leased for commercial purposes on August 1, 1946, the extinct Office of Price Administration of Puerto Rico took control over it. It may not be said that the basic rent of said unit was fixed as that of commercial premises, and the Act may not be interpreted in the sense that the basic rent as a dwelling was the same as the rent that ought to prevail when the rental unit was used for commercial purposes. The explanation offered by the ex-administrator Aponte on the interpretation of the Act and its application to the premises included as commercial premises in the rent market, after October 1, 1942, finds support in the context and purpose of the Act.

Furthermore, we believe that the Act granted power to the Administrator to order reasonable increase over the rentals prevailing on October 1, 1942, in the case of buildings intended for businesses, or commercial or industrial purposes, on the basis of the commercial importance of the towns and districts where they were located and to the construction cost thereof, provided that the increases shall in no case exceed more than 50% of the rental prevailing October 1, 1942. So

---

[2] The federal control on leased dwellings ceased on July 31, 1953.

that even in the cases of commercial premises leased as such, before the enactment of the Reasonable Rents Act of 1946, the Administrator had power to modify the rent prevailing October 1, 1942, in the manner and to the extent determined in the following paragraph of § 6:

"In the case of buildings intended for businesses or commercial or industrial purposes, the Administrator may authorize reasonable increases over the rentals prevailing October 1, 1942, according to the commercial importance of the towns and districts where such buildings are located and to the construction cost thereof; *Provided, however,* that such increases shall in no case exceed fifty (50) per cent of the rental prevailing October 1, 1942."

Subsequent amendments to the Act deprived the Administrator of this power. As said Act prevails today, the Administrator shall have power to fix the reasonable rent, order increases or reductions in the rent prevailing on October 1, 1942, in all cases in which, in his judgment it is thus justified, due to improvements of capital importance, increase or reduction of furniture, equipment or accessories, increase or reduction in services and supplies, or deterioration of the dwellings or buildings leased, or increase in taxes, provided that the authorized increases shall not exceed 15% of the fixed rent.

Under the law in force it is evident that the Administrator may modify only the basic rent when the circumstances pointed out in the preceding paragraph are present. But that was not the law in force at the time the Administrator fixed the rent of $75 monthly on the premises of the heirs of Belaval Ritter, as commercial premises.

We may not assume that the rent prevailing on October 1, 1942 for commercial premises similar to the one here involved was $42 monthly, since said rent then prevailed for residential premises and not for commercial or industrial premises. Therefore, there is no ground to conclude that the rent of $75 fixed by the Administrator exceeded 50% of the rental

prevailing October 1, 1942. Section 6 of the original Act of 1946 contains two paragraphs which apparently contradict the provision granting power to the Administrator to fix a reasonable rent on the buildings intended for businesses or industries. These paragraphs provide the following:

"If the landlord had increased the rent in the period included between October 1, 1942 and the date of the taking effect of this Act, the reasonable rent shall be basic rent prevailing on October 1, 1942; *Provided,* That in that case, from the date of the taking effect of this Act, the tenant shall only be required to pay the basic rent.

"If the dwelling or building had not been rented on October 1, 1942, or was constructed after said date, the Administrator shall fix the reasonable rent on the basis of the rents prevailing in Puerto Rico for similar dwellings and buildings during the year ended October 1, 1942."

The contradiction noted is more apparent than real.

If the landlord had increased the rent in the period included between October 1, 1942 and the effective date of the Act, the reasonable rent was automatically fixed in the basic rent prevailing on October 1, 1942. In other words, the landlord could not fix a reasonable rent, on his own account, increasing the rent in the period between October 1, 1942 and the effective date of this Act. In such a case, the reasonable rent was, by legal provision, the basic rent prevailing on October 1, 1942. However, it did not preclude the Administrator from fixing a reasonable rent, in the exercise of the powers conferred to him by law, ordering the increase in the basic rent or prevailing on October 1, 1942, in the case of buildings intended for business or for commercial or industrial purposes, according to the commercial importance of the towns and districts where such buildings are located, and to the construction cost thereof.

This may be seen more clearly in the other paragraph which provides that if the dwelling or building had not been leased on October 1, 1942, or was constructed after said date,

the Administrator shall fix the reasonable rent on the basis of the rents prevailing in Puerto Rico for similar dwellings and buildings during the year ending October 1, 1942. This does not imply that the Administrator, in the case of buildings intended for commerce or industry, could not fix a higher rental to that prevailing on October 1, 1942, according to the commercial importance of the place where the building is located, because, as we have seen, the Act had already granted him such power. Neither one of these two provisions has the power to divest the Administrator of his power to readjust the rents of commercial and industrial premises, in the manner and to the extent established by the Acts as it prevailed at the time of the events of this case.

We can not conclude, then, that the order of the former Administrator fixing a rental of $75 for the commercial premises here involved, was contrary to the Act, and therefore, void.

In view of the foregoing, the judgment of the Superior Court is affirmed.

Mr. Justice Belaval did not participate herein.

